**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark C Honicky, | No. CV-24-00714-PHX-KML |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Magistrate Judge John Z. Boyle issued a Report and Recommendation ("R&R") recommending Mark C. Honicky's petition for writ of habeas corpus be denied as untimely. (Doc. 31.) Honicky filed objections and respondents filed a response to those objections. (Doc. 34, 36.) The R&R is correct that the petition is untimely, so it is dismissed.

The R&R recounts the basic procedural history regarding Honicky's convictions in state court. No party filed objections identifying errors in that history and it is adopted. In brief, Honicky pleaded guilty in state court to manslaughter and was sentenced to 11.5 years of imprisonment. Final judgment was entered on March 5, 2019. Because he pleaded guilty, Honicky was not entitled to a direct appeal but could only file a petition for post-conviction relief. Honicky filed a timely notice of post-conviction relief and, months later, a petition. The state trial court dismissed that first petition on January 21, 2021. The first petition qualified as "direct review" for purposes of 28 U.S.C. § 2244(d)(A). *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). The one-year statute of limitations therefore would have started once the time expired for seeking additional review of the trial court's

denial. 28 U.S.C. § 2244(d)(1)(A).

On February 2, 2021—before the one-year limitations period began to run—Honicky filed a second petition for post-conviction relief. The statute of limitations does not run while "a properly filed" petition for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). The parties agree the second petition should be considered "properly filed." The state court dismissed Honicky's second petition on April 21, 2022, but the petition remained pending while additional "state avenues for relief remain[ed] open," even if Honicky did not pursue those avenues. *Melville v. Shinn*, 68 F.4th 1154, 1160 (9th Cir. 2023) (simplified). Honicky had 30 days to seek review of the trial court's denial, with an additional five days added for mailing, so the petition remained pending for 35 days. Ariz. R. Crim. P. 33.16(a)(1); Ariz. R. Crim. P. 1.10(a)(5). Honicky did not seek further review during that 35-day period and the statute of limitations began to run on May 27, 2022. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (concluding that under AEDPA, the limitations period begins to run on the date after the triggering event pursuant to Federal Rule of Civil Procedure 6(a)).

On August 13, 2022, Honicky filed his third petition for post-conviction relief. (Doc. 19-2 at 8.) The state trial court rejected that petition as untimely. (Doc. 19-2 at 47.) On April 6, 2023, the Arizona Court of Appeals granted review but denied relief. (Doc. 19-2 at 53.) Because the state courts concluded that third petition for post-conviction relief was untimely, "it was not 'properly filed,' and [Honicky] is not entitled to statutory tolling" for the period while the state courts considered it. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Because the third petition did not have any tolling effect, the one-year clock that began on May 27, 2022, expired on May 27, 2023. Honicky did not file his federal petition until April 1, 2024, well beyond the one-year limitations period.

Based on this sequence of events, the R&R concludes statutory tolling does not render Honicky's petition timely. The R&R also explains that Honicky has not established a plausible basis for equitable tolling, nor has he established the "actual innocence" exception to the statute of limitations. Although Honicky's objections are not entirely clear,

he has not identified any error in the R&R's analysis.

Beginning with statutory tolling, Honicky seems to argue it was error for the R&R to treat his three petitions for post-conviction relief differently in terms of tolling. (Doc. 34 at 17.) But as explained above, the third petition was deemed untimely by the state courts. And once the state courts made that ruling, this court cannot allow for statutory tolling. *See Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of [tolling].").

As for equitable tolling, in his objections Honicky admits he had almost his entire "casefile [in] paper form" as of July 28, 2022. (Doc. 34 at 14.) Honicky does not explain why he could not have filed his federal petition then, or at least before the limitations period expired in May 2023. Equitable tolling is not appropriate.

Honicky's objections appear to concede he is not attempting to invoke the "actual innocence" exception to the statute of limitations. (Doc. 34 at 11.) But even if Honicky has not disclaimed this exception, he has not identified any error in the R&R's analysis of this issue.

Finally, Honicky filed a variety of other motions. Because Honicky's petition is barred by the statute of limitations, there is no need to discuss his additional motions.[1]

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 31) is **ADOPTED** as set forth above. The petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

/

/

---

[1] In his improper "Reply to Respondent's Response to Petitioner's Objections," Honicky states he "requested to withdraw the motion for sentence reduction from the Court." (Doc. 39 at 7.) The motion was not withdrawn, however, so the court denies it as moot.

**IT IS FURTHER ORDERED** the Motion to Submit Detailed Constitutional Violations (Doc. 18), Motion for Sentence Reduction (Doc. 28), Motion to Request Disclosure (Doc. 33), Motion to Strike (Doc. 40), and Motion for Emergency Judicial Review (Doc. 41) are **DENIED**.

Dated this 31st day of March, 2025.

*[signature]*

Honorable Krissa M. Lanham
United States District Judge